## SAMUEL GREENBERG v. J. D. MILLETTE.[1]

February 11, 1910.

Nos. 16,427—(219).

**Conversion of Employer's Money — Evidence.**
Evidence *held* sufficient to sustain the findings of the trial court.

Action in the municipal court of St. Paul to recover $98.25 claimed to have been converted by defendant to his own use while in the plaintiff's employ as bookkeeper and cashier. The answer was a general denial. The case was tried before Hanft, J., who made findings and as conclusions of law ordered judgment in favor of plaintiff for the sum demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Thos. C. Daggett,* for appellant.
*T. R. Kane,* for respondent.

[1] Reported in 124 N. W. 824.

110 M.—11

Brown, J.

During the year 1907 defendant was in the employ of the firm of Greenberg & Krinzky, a copartnership doing business in St. Paul, and had charge of and kept the firm books of account, with authority also to sell the goods of the firm and pay bills against it when presented for payment. The firm was dissolved in 1908; plaintiff herein succeeding to all rights of the copartnership. Subsequent to the termination of defendant's employment an examination of the firm books disclosed what appeared to be a shortage in defendant's account, and this action was brought to recover the amount thereof. Issue was joined in the municipal court, where, after trial without a jury, judgment was awarded to plaintiff for the sum of $98.25. A motion for a new trial was denied, and defendant appealed.

The sole question presented by the assignments of error is whether the findings of the trial court are sustained by the evidence. Our examination of the record leads to the conclusion that the findings cannot be disturbed. They are not clearly or palpably against the evidence, within the rule guiding this court in such cases. The shortage found in defendant's accounts consisted in various items of money claimed to have been disbursed by him in payment of bills presented against the firm. In the usual transaction of the business, defendant would pay from cash on hand all small bills presented and charge the payment so made upon the books. In reference to the items in question, which were all entered upon the books as paid by the defendant in cash, it is claimed by plaintiff that they were paid, not from cash in the money drawer, but by checks drawn by a member of the firm upon its bank account, and this at the solicitation of defendant. Notwithstanding the payments so made by check, defendant entered them upon the books as having been paid by him from the cash on hand, and his cash account was made to balance by deducting the same as items of cash paid out. Defendant's entire shortage is made up of items of this character—bills paid by a firm check and also credited to defendant as cash, paid out—and shows at least a prima facie case of misappropriation by him. We discover in defendant's testimony no sufficient explanation of this apparent shortage, and no reason, from the record, for interfering with the conclusion reached by the trial court.

Order affirmed.